Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SILVIO OBREGON,<br><br>        Plaintiff,<br><br>vs.<br><br>ABM INDUSTRIES INCORPORATED SHORT TERM AND LONG TERM DISABILITY PLAN and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendants. | Case No.: C 08-4507 JL<br><br>**COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA** |

Plaintiff, Silvio Obregon, alleges:

1. JURISDICTION:  Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA").  Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

2. INTRADISTRICT ASSIGNMENT:  A substantial part of the events which give rise to this claim occurred in Alameda County.  Therefore assignment to the San Francisco/Oakland Division is appropriate under Civil L.R. 3-2(c)-(d).

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify his rights to past and future benefits under the terms of an ERISA welfare benefit plan. Plaintiff seeks payment of ongoing disability benefits and all back benefits that are due to him, with interest.

4. Plaintiff seeks attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

## THE PARTIES

5. Plaintiff is an adult resident of Alameda County.

6. Defendant ABM Industries Incorporated Short Term and Long Term Disability Plan ("the Plan") is an employee welfare benefit plan that was established by ABM Industries Incorporated ("ABM") under ERISA.

7. Plaintiff is and was at all times relevant a participant and beneficiary of the Plan.

8. Defendant Hartford Life and Accident Insurance Company ("Hartford") is a corporation, incorporated in the state of Connecticut, and it is authorized to conduct business in the state of California.

## THE DISABILITY PLAN

9. The Plan is called ABM Industries Incorporated Short Term and Long Term Disability Plan.

10. The Plan administrator is ABM.

11. The Plan promises to pay monthly benefits to participants who are disabled as defined by the Plan.

12. The Plan is insured by Hartford by means of a group insurance policy.

13. Claims are paid out of the assets of Hartford.

14. Hartford decides whether or not a claim made under the Plan will be paid.

## PLAINTIFF'S DISABILITY

15. Plaintiff is a 50 year-old man.

16. ABM employed plaintiff as a janitorial project supervisor.

17. On September 6, 2006 plaintiff sustained a low back injury when he was rear-ended in his car.

18. Plaintiff stopped working at ABM on April 24, 2007 due to low back pain with radiating pain and numbness into his legs.

19. Plaintiff underwent low back surgery on June 4, 2007.

20. Plaintiff has been unable to perform his own occupation or any other occupation due to his low back disorder, which is compounded by diabetes, hypertension, and cervical disc disease.

21. Plaintiff's treating physicians have opined and continue to opine that he is unable to perform his own occupation or any other occupation due to pain and other symptoms.

## DISABILITY BENEFIT CLAIM HISTORY

22. Plaintiff applied for disability benefits under the Plan, by filing a claim with Harford.

23. Hartford approved the claim by letter dated May 15, 2007.

24. Hartford paid disability benefits to plaintiff until January 4, 2008 when it denied further payment.

25. Hartford lacked much of the medical evidence that it needed to fairly determine plaintiff's claim at the time that it denied the claim.

26. Plaintiff appealed the denial on February 7, 2008.

27. Although Hartford's own medical expert acknowledged that much of the critical medical evidence, including the contemporary imaging studies of plaintiff's back, was still missing from plaintiff's claim file, Hartford did not obtain the missing evidence.

28. Hartford denied the appeal on April 17, 2008, arguing that it could not accept the opinion of plaintiff's physician that plaintiff remained disabled, because the opinion was not supported by the medical evidence contained in its claim file.

29. Plaintiff attempted to provide Hartford with the missing medical evidence on June 5, 2008.

30. Hartford refused to consider the evidence plaintiff submitted on June 5, 2008, even though it previously knew that the claim file was incomplete and despite the fact that it had never previously informed plaintiff that it would consider the record closed as of the date of the appeal decision.

31. Hartford returned the evidence plaintiff submitted after the appeal decision and refused to retain it in its claim file. Exhibit A attached to this Complaint contains Hartford's June 12, 2008 letter returning the evidence along with the evidence itself.

32. Hartford allowed its conflict of interest to affect its decision to deny plaintiff's claim. Evidence of Hartford's self-dealing includes:

    a. Hartford's unsubstantiated rejection of plaintiff's treating physician's opinion that plaintiff remains disabled;

    b. Hartford's use of biased and conflicted physicians to review plaintiff's claim;

    c. Hartford's failure to obtain all of the evidence necessary to make an informed judgment about plaintiff's claim;

    d. Hartford's failure to tell plaintiff that it would consider the administrative record closed as of the time of the appeal denial;

    e. Hartford's failure to shield its claim handling functions from its natural desire to make money; and

f. Hartford's history of biased claims administration in other disability insurance claims it has handled.

33. Plaintiff exhausted his administrative remedies under the Plan.

## FIRST CAUSE OF ACTION
### (Claim for Benefits – All Defendants)

34. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

35. Plaintiff has performed all of his obligations under the Plan.

36. All conditions precedent to plaintiff's bringing this ERISA claim and to his collecting benefits under this ERISA plan have been performed by plaintiff or have occurred.

37. Plaintiff has been disabled under the terms of the Plan since April 24, 2007, and he has continued to be eligible to receive benefits under the Plan since Hartford discontinued his claim on January 4, 2008.

38. 29 U.S.C. § 1132 (a)(1)(B) states:

A civil action may be brought --

   (1) by a participant or beneficiary --

      (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

39. The defendants' actions constitute an unlawful denial of benefits under the Plan and under ERISA, as provided in 29 U.S.C. § 1132 (a)(1)(B).

## SECOND CAUSE OF ACTION
### (Attorney Fees and Costs – All Defendants)

40. Under the standards applicable to ERISA, plaintiff seeks to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to 29 U.S.C. § 1132(g).

# PRAYER FOR RELIEF

41. Plaintiff respectfully requests that this Court review the denial of benefits in this case and declare that he is entitled to ongoing disability benefits under the Plan; entitled to payment of back benefits; and to interest on all back benefits.

42. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the benefits owed to him pursuant to 29 U.S.C. § 1132(g).

43. Finally, plaintiff seeks such other relief as this Court finds appropriate.


BY:_____          DATED: September 24, 2008
STEVEN M. CHABRE
Attorney for Plaintiff